UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| Bobby D. Murray and | ) | | |
| Loretta Murray, | ) | | |
| | ) | | |
| *Plaintiffs*, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:14-CV-13-PLR-CCS |
| | ) | | |
| Tom Hamby, Tom McFarland, | ) | | |
| Henson and Elaine Stafford, and | ) | | |
| Roane County, Tennessee, | ) | | |
| | ) | | |
| *Defendants*. | ) | | |

## **Memorandum Opinion**

On June 12, 2013, Mr. and Ms. Murray filed a lawsuit in the Circuit Court for Roane County, Tennessee against the defendants alleging a civil conspiracy in relation to the installation of drainage culverts on the Stafford's property. According to the plaintiffs, the installation of the culverts on the Stafford's property caused a great deal of water to run onto the plaintiff's property causing damage. The plaintiffs assert claims for property damage, civil conspiracy, violations of the Tennessee Water Quality Control Act, Tenn. Code Ann. § 69-3-101 *et. seq.*, the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et. seq.* The Circuit Court for Roane County eventually dismissed all the plaintiffs' claims except those against Mr. and Ms. Stafford for property damage. [R. 7-3, 7-4, 7-5, and 7-6].

The plaintiffs moved this Court for permission to remove their case January 13, 2014, arguing they cannot receive a fair trial in Roane County, that the defendants used the mail to complete their conspiracy, and the plaintiffs can be tried under 18 U.S.C.§ 242. [R. 3]. The defendants have moved to remand or dismiss based on a lack of subject matter jurisdiction. [R. 4,

7].

The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178 (1936). Title 28 U.S.C. § 1446 authorizes removal only by state court defendants. While a plaintiff has the prerogative to choose the initial form for a suit, once it is filed in state court, there is no valid authority providing a plaintiff the ability to remove the case to federal court. To the contrary, substantial precedents explicitly deny that power to the original plaintiff in an action. *See, e.g. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992); *H&R Block, Ltd. v. Housden*, 24 F.Supp.2d 703 (E.D. Tex. 1998).

Because the plaintiff lacks the authority to remove this action under 28 U.S.C. § 1446, the plaintiff's motion for permission to remove their case, [R. 3], is **DENIED**, and the defendants' motions to remand, [R. 4, 7], are **GRANTED**. This action will be **Remanded** to the Circuit Court for Roane County, Tennessee.

It is so **ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**